The Cii ef Justice
delivered the opinion.
This case was formerly before this court, and it will be seen bv adverting to the opinion then delivered, 1 Marsh. Ilep. 486, that the judgment was reversed because the replication to the plea of set off did not shew that Kincaid, for whose benefit that suit was brought, was invested with the equitable right to the demand.
It was, however, decided, that if the replication had sufficiently set forth the contract whereby Kineaid became so invested with the equitable title it would have beeu good, and the cause w¿>s therefore remanded, with directions that leave should be given to amend the replication ia *435 íítis respect. It was accordingly amended, when tbe e«use was remanded, and so completely is tbe objection, founerh sustained by this court, obviated by the amended replication, that it was not pretended in the argument of the case that Kincaid was not shewn to he invested with tin- equitable title of the demand for which this suit is brongt, hut i: was urged that such equitable title was not suffi ient to avoid the set off This is the very point which was decided by this eourl when the cause was formerly here, and we cannot thick it proper, again, to examine the principle of that decision, in this case, for whatever mat be its h fluenee, as a precedent in other cases and between other parties, it must, in tbe same case and between tbe same parties, be forever conclusive,
whit has been decided ^e Wlcn fd'e s.-.mi r.ase Wl!! nct be disturbed.
'¡'he judgment mus* be affirmed with costs and damages. Talbot ⅝ Crittenden, for appellant, Wickliffe, for appellee.